Well, your argument in Gonzales-Rios v. Mukasey. Yes. Good morning. May it please the Court, Christopher Stender. I'm representing the petitioner, Jorge Luis Gonzales-Rios. This is an immigration case where the BIA incorrectly denied a timely motion to remand and improperly imposed a heightened burden of proof on the petitioner to show that his firearms conviction had been vacated for immigration or rehabilitative reasons. On September 8, 2003, the immigration judge concluded that the petitioner was ineligible for 212C relief and for 240AA cancellation of removal for permanent residence. Both applications had been filed with the court since 2001 and were pending with the immigration judge. On October 6, 2003, a timely notice of appeal was filed to the Board of Immigration Appeals. One day later, on October 7, 2003, the petitioner filed a motion to remand to the BIA. Attached to the motion were minutes from the state court showing that the firearms conviction was withdrawn under 12025A2 and that it had been modified and replayed to 12020 under the California Penal Code. Thus, the conviction was no longer for a firearm, and the petitioner was eligible for 212C relief. The board never acted on the motion. Let's assume that the BIA had granted the motion to remand based on the tender. What other evidence were you prepared to put into evidence or tender as evidence in front of the immigration judge? Well, it had been remanded appropriately, and what was later submitted was the actual court order from the superior court showing that the matter was vacated. Originally, the minutes were attached to the motion to remand, and the board made a finding that the respondent had not presented sufficient evidence in support of the motion to remand and denied it. Do you have to show some kind of evidence that it wasn't for rehabilitative or immigration purposes? Well, that begs the issue that Ninth Circuit, in another case, NAFV Gonzales has placed the burden of proof on the government to show that basis. I appreciate that, but don't you have to at least raise some sort of suspicion that maybe that's the case, that you could prevail? Well, I think the petitioner in this case has the burden of production. He produced evidence, which was the court minutes, that the conviction no longer stood as it originally was understood at the immigration court level. But the key question is what happened and why, and why did that conviction disappear? And what evidence do you have now that it's going to survive the test? Well, I would like to point out, well, there is a court order from the superior court, first of all, but that burden should not be on the petitioner. That is the government's burden. The petitioner has, I believe, the burden of production. The petitioner produced some evidence that that conviction no longer stands. I think we understand your legal argument on why you think you're entitled to a remand. I think we're just trying to see whether a remand is going to be futile or not. Do you know? What happened? Why did the 25 disappear and it turned into a 20? Well, in the certified administrative record on page one, there is an order from the Superior Court of California, County of San Joaquin, Stockton Branch. It says that it was vacated, that it was withdrawn. It's silent. So how do we know this isn't just a dead letter? A dead letter in as far as the reason? Well, you look back and somebody says, well, what was the reasoning behind this change from a 25 to a 20? And there's nothing. Well, respectfully, that's not the petitioner's burden to prove. Yeah, you know, but we don't like to engage in useless acts. But it wouldn't be useless at all. You have no idea why this happened. You're beginning to smile. Why did it happen? Well, there's no record evidence of why it happened. And do you know why it happened? No, I don't. No, I don't. I was not the attorney of record. I did not represent the petitioner in the Superior Court matter and only recently actually was retained to assist in this case. And it gives every appearance that somehow somebody went in and said, this has terrible immigration consequences for my client. Can't we figure out a way retroactively, nunk-pro-tunk, you name it, to turn it into a 20 rather than a 25? That may be the million-dollar question in this case. But nonetheless, it's not the petitioner's burden. The petitioner repeatedly went to the board and said, this is no longer a firearms conviction. On a motion to remand filed a day after the notice of appeal was filed, the board never acts on it. It was renewed in the brief. And the board says, no, we don't think you've shown enough evidence. Of course, your collegial opponent is going to stand up and say, we don't have any jurisdiction to entertain this because it's really a factual issue. Your response to that, I guess from your reply brief, that it really has to do with the standard used by the BIA, therefore it's a legal issue, right? Correct. Well, I think there's two issues on jurisdiction. I think this court certainly has jurisdiction because the immigration judge, the BIA, both ruled as a question of law to preclude relief, to find that the petitioner was not eligible for 212C, was not eligible for cancellation of removal, could not stack them together. And that is a legal question. The applications were filed. There was never a hearing. They were pre-permitted and found as a question of law that the petitioner was not eligible. Also, I would say there's another question of law where the BIA incorrectly, again, And the Ninth Circuit in Nath and in Cardozo-Tlaseco clearly places the burden on the government. Now, those cases came out quite recently, well after this case was litigated and presented to the Ninth Circuit. However, it has been subject to motions to remand not only to the BIA, but also to the Ninth Circuit, and I understand the motion to remand is still pending before this panel. It's been opposed by the government, but nonetheless, if this case were remanded, clearly these issues wouldn't be before the court today. I think another important issue that's never really been addressed here is the fact that the petitioner, excuse me, that the petitioner is cancellation of removal eligible. If this case were remanded, he is prima facie eligible for cancellation of removal, irrespective of whether or not he has a firearms conviction. It doesn't matter. Is it a firearms conviction? The basis for why it was vacated? None of that matters. He's eligible today. He was eligible in 2003. He's been eligible since 2001 when this court decided Rivera-Sanchez. So this is not relief that's up in the air that if a burden of proof shifting or something like that. He's eligible today. He's been eligible for six years. And this depends on Rivera-Sanchez? Right. There's an 11-352 conviction in 1995. Rivera-Sanchez says it's divisible, it's overly broad. Isn't that procedurally off the table in this case? Well, there's a motion. Timely filing? Untimely filing. The issue arguably would be raised in the fact that the immigration judge precluded the cancellation relief. The cancellation was filed and was pending in 2001. There were issues whether or not a 212C with an adjustment which is permitted to weigh both a drug offense and a firearms offense. That really ended up being a red herring in the case. The issue really comes back to he was precluded from cancellation removal. He's eligible for cancellation removal. Whether or not this is a firearms offense, I really think ultimately the briefs did concentrate on those issues. Subsequent case law has really changed the legal landscape under which this case should be analyzed. That's why this has been subject to so many motions to remand. If this case is presented to a trial court again today, if he walks before an immigration judge today, he's prima facie eligible for cancellation removal. Probably for 212C relief also, depending on whether or not this is a firearms issue. In fact, it's probably even subject to a motion to terminate. He may not even be deportable at all. And that has all changed since this case has been set up for briefing. You have about a minute, 30 left. Do you want to reserve? Yes, I would. All right. Thank you. Thank you. Good morning, Your Honor. Terry Skadron for the respondent. I'd like to begin by first pointing out that the petitioner has not raised a challenge to the immigration judge's determination that he can't get simultaneous 212C and cancellation relief. He's attacking his removal order on two different bases. The firearms, his alleged, the alleged vacater of his firearms conviction and his Rivera-Sanchez attack on his aggravated felony conviction. I'd like to begin by addressing the Rivera-Sanchez argument. He is asserting that he is cancellation eligible under the reasoning of Rivera-Sanchez, which he asserts knocks out his drug trafficking conviction. As a threshold matter, the court lacks jurisdiction to consider that argument. That argument was fully available to him throughout his removal proceedings. Rivera-Sanchez was decided before he again conceded the aggravated felony charge in July 2001. He, in fact, was aware of the decision. He cited it in his notice of appeal to the board. He never raised an argument under Rivera-Sanchez. Moreover, contrary to his assertions before this court, it's not a foregone conclusion that he's free and clear of the aggravated felony conviction under Rivera-Sanchez. Rivera-Sanchez holds only... We're familiar with it, as you probably know. It's not categorical. I think he's telling us if the case gets back, he might be able to get some kind of relief. That's all he's telling us. Yeah, well, he would need to... The real question is, first, according to your position, whether we have jurisdiction or not, and secondly, whether or not I go back for a remand. That's correct. It seems to me that, as the gray brief argues, that this really is a case where the question is whether the board used the proper standard. I mean, the board seemed to require conclusive proof when the board itself has told us that all you really have to do is, well, to quote here, not require a conclusive showing, assuming the facts alleged to be true. Rather, we have been willing to reopen, quote, where the facts alleged when coupled with facts already of record satisfy us and that it would be worthwhile to develop the issues further at a plenary hearing on reopen. That's not the standard that the board used in this case. Well, Your Honor, in this case, the actual evidence that was proffered on the issue of whether the firearms conviction was vacated were the clerk's minutes, which did not show that the conviction even was vacated. Here, the petitioner is relying solely... That's true, but the question is the standard. If I read the way the BIA said things, you've got to prove it conclusively, right here, right now, rather than just showing enough so that it would be worthwhile to develop the issues further at a plenary hearing. Two responses on that. First, what we're left with on that is a question of fact, which the court can't reach because... We're not reaching it. We're just showing that the board applied the right standard. The right standard. The right standard in evaluating the sufficiency of his evidence, and that's how the court is framing it. I believe that the board did. If the court's going to see that as a legal issue, the board has never held that assertions of counsel on a motion to reopen, standing alone, are enough to meet the burden for reopening. Reopening is disfavored, and a motion to remand is treated as a motion to reopen. The counsel has to provide some evidence. What's wrong with the minutes? It at least gives us some indication that something happened in the court that he wants to develop. Why isn't that enough? The minutes are insufficient. They don't even refer to the case number. The minutes show only that there was a suspension of a sentence. If you look at the minutes carefully, they don't go nearly as far as counsel is suggesting. Moreover, the court order from the actual criminal court is not part of the record on review here. That was part of the record, even though it may be part of your bundle of the administrative record here. That was presented on the motion to reopen. It's in the administrative record. It's physically in the administrative record. The record, yes. It was part of the record, though, on the motion to reopen, which was voluntarily withdrawn. Yeah. So it's not properly before the court. But moreover, there's still the issue, even if our position is that you can't consider that order, that order in itself gives no hint as to why the conviction was vacated. And counsel standing before the court today can't tell the court why the conviction was vacated. Now, very possibly, this has been not briefed or not presented to the board because there's nothing there that would help the petitioner. I mean, the law is clear that mere vacater of a conviction is not enough to remove the immigration consequences. And here, the court has no clue. Well, we don't know yet. The only question is whether it met the threshold requirements. And the BIA seemed to say you had to do it. You have to prove that you would succeed before we're going to order a hearing. Well, the BIA said, in fact, that the petitioner failed to produce prima facie eligibility. I mean, prima facie evidence that the alleged vacater would make a difference. The BIA says there's nothing in its order to indicate that it even found that the conviction was vacated. It was not asking for conclusive proof. It was examining the proof that was actually offered and finding that it wasn't sufficient. Right. But the standard says, where the new facts alleged, when coupled with the facts already of record, satisfy us that it would be worthwhile to develop the issues further at a plenary hearing on reopening. I mean, that's different. I mean, if you're just saying, one, the facts as alleged, his attorney submits that he alleges that, in fact, it was vacated for a reason that would qualify him for relief. And, two, they provide some minutes that are maybe inconclusive, but he's got something there. So the question is, did the board really make a decision on whether or not it would be, quote, worthwhile to develop the issues further at a plenary hearing or not? Well, then we get to the issue of what does the board mean by facts alleged. Is the board referring to assertions of counsel or, for instance, say in an asylum case where you proffer affidavits from witnesses, those are facts alleged. The board doesn't engage in fact-finding itself. So it needs to send the matter back to the immigration judge. But what the board is looking at is the evidence supporting the motion to reopen. And that is where you find the facts alleged, not in the assertions of counsel. Now, any other reading is going to, you know, virtually every case would have to be remanded. Well, I think not. I mean, basically, the attorney's making a motion. He's alleging what relief he thinks he's entitled to. I don't see what it would add if the petitioner signs a verification to that, because the petitioner's not going to really know, theoretically, unless he's a lawyer, what the significance of the conviction are, what exactly happened. I mean... Well, the petitioner... In this peculiar instance, I think the attorney is much better, in a much better position to set forth the allegations of claim for relief than the petitioner. The petitioner can certainly talk about changed circumstances in that kind of case or a factual issue, but we're talking about pretty much a legal issue here. Yes, but the counsel here was in a position when he filed the motion to remand to proffer the actual order from the criminal court, and he didn't do that. Instead, he proffered the minutes, these blurry minutes that don't actually even refer to the case number. You know, the... You know, what he's done is sequentially add a little bit more on each successive motion,  that's before it. And when it had that motion, the petitioner was represented by competent counsel and did not produce enough to raise a prime of face question as to whether his conviction was even vacated. I think it's a real question, why didn't counsel produce the actual order from the criminal file? Why did he rely solely on these minutes, which on their face don't tell the board enough to know that there's a reason to remand this case? Well, you're right. I mean, the paperwork is tremendously sloppy. Anybody who submitted this gets a bad grade. There's no question about it. We don't know, though, in the end, whether there's even any actual harm to the petitioner, because as we stand here today, counsel cannot tell us why this conviction was vacated. For these reasons, we submit that the board's order, which rested on the record before it, should be affirmed. Thank you. Hold on just one second. I have one more question for you. So what judicially noticeable evidence was presented on the cocaine conviction? On the cocaine? No. There was no judicially noticeable evidence presented. The problem here is that you say he didn't tender anything, he didn't do anything, and the record on the cocaine conviction is even more spotty. Yes, because this was never presented below, and the board never had occasion to perform the modified categorical analysis because he had conceded that he was an aggravated felon on that ground. Well, he conceded he was convicted. He conceded the aggravated felony charge, even though Rivera-Sanchez was out there. Thank you very much. You have a minute and a half. Thank you. Just briefly, the petitioner is not relying only on counsel's arguments. As the court has noted, there are minutes that were attached. There is some evidence that there was a modification of the conviction. The board has never held that what evidence needs to be presented to show that this is enough, and now we will remand. The minutes were submitted. The BIA said, well, that's not enough. You should have submitted something else. These minutes are almost a joke. No competent counsel would submit minutes like this in support of these allegations. Well, the board... There are other documents that are out there that are conclusive, and this is like... What do these minutes show? They show that the conviction was modified, and it's an issue that could properly be found by a trial court. It's not a heavy burden of... But the point is, we're not going to engage a whole new hearing based on stuff like this. Well... And why is that? The firearms conviction is the linchpin of the case, and it's what the government was relying on and the immigration judge and the BIA to preclude relief. All you're showing is that it's modified, and the board simply said, you know, this isn't enough to show that it wasn't for rehabilitative or immigration purposes. Well, the board never called into question the fact that the minutes didn't relate to the petitioner or there was some other issue. They assumed that they did. They just said, we don't think the minutes are enough. And that's all about the reasons why this happened. Again, that is the government's burden, and I would respectfully put to the court, it's not even the petitioner's burden. We need to produce some evidence that it's modified, and the government... I disagree with you on that. You don't get a hearing if you don't even have a colorable possibility of winning. But the petitioner made a colorable possibility by finding those motions remanded, attaching the minutes, and pointing those things out to the court that it was properly, should have been remanded. Exhibit one is, don't do it this way. Right? Your Honor, again, I was not counseled below, and I understand. I see these issues in the case quite obviously, but nonetheless, I think there is sufficient evidence. I think I'm over time. A little over time, yes. Well, and that's the problem in all of these cases. For both the government and the petitioner, a lot of times the documents are hard to find and so forth, but unfortunately, we have to hold everybody to the same standard. So we'll look at that and see what we decide. The case just heard will be submitted. In about five minutes, we'll come back with a reconstituted path.
judges: Trott, Thomas, Fisher